D.O.J.'s claims that you don't contest, your client does, that he pled guilty to a felony under Virginia law or that a Virginia criminal court entered a finding of guilt. You agree with that? No, we definitely contest that. That's one of our main points. In fact, the original plea here is not in the record, so we don't know exactly what it said. And later, the revised plea is not a conviction either, and the revised plea was not a guilty plea. Indeed, if the court takes a look at it, it very clearly states that it's a no contest plea. Yeah, that's the revised one. Yes. Well, why wouldn't a no contest plea be the equivalent of a guilty plea? I mean, I thought Dickerson, for example, in the Supreme Court, made clear that a no contest plea could be the equivalent of a guilty plea. Well, in this case, if Dickerson applies and federal law does control, which we assert that Virginia law controls, but even under federal law, it would not be the equivalent because it's withdrawable. In Dickerson and footnote 7, the court distinguished withdrawable pleas and cited the lot. And under lot, the Supreme Court explained that a plea that is withdrawable, even a guilty plea, a no contender plea, which would equate to a guilty plea, that it is not a conviction. It is not a final determination of guilt. And that for a conviction to exist on federal law, if the plea is withdrawable, there has to be a judgment of conviction and sentencing. Well, let's assume that federal law applies for the moment, okay? I know you argue that it doesn't. But in terms of the November plea, why isn't that sufficient if federal law applies? Well, even under federal law, the November plea, the revised plea, is not a conviction. Because number one, it's still withdrawable. And under lot, that plea, if it's withdrawable, is not final until there's a judgment of conviction. And number two, the November plea does not omit guilt. And in Dickerson, they specifically identified that there had to be a finding of guilt. The plea agreement provides a summary of the state's evidence. And according to the government, it indicates that the Brunswick County Sheriff's Office executed a search warrant on his property, discovered a plot of marijuana directly behind the garage in the yard, and another plot of marijuana behind a chicken coop. And all 36 marijuana plants were seized, along with firearms, which are relevant and might not be otherwise, but are relevant when you're seizing drugs. And then it says the plea agreement also would show that he made a statement to a federal employee at the prison that he used marijuana and cocaine. Do you contest any of that? Well, the statement about cocaine was specifically edited in the plea, Your Honor. But that would be evidence. There's a special caveat to that plea, which is the immiscibility of that evidence. And that evidence was not found on Mr. Clayton. It was found on his property, a property that he shares with other adults. In exchange for... You know, you mentioned in the blue brief, I saw that you mentioned his son, his adult son lived there. And if it was, you know, a plastic bag with a half ounce of marijuana in it they found while searching the house, I could sure understand that. But 36 plants growing in his yard? Again, there is the immiscibility of that evidence against Mr. Clayton. He agreed not to challenge it. And we do believe that there would have been an excellent case to challenge the immiscibility of the evidence against him personally. But that is one of... But that didn't happen? It did not because of the agreement itself. And he specifically agreed not to challenge the immiscibility because of the deferred disposition. Wait a minute. Go ahead. The deferred disposition is later. What about the first time around? We don't know what that plea says, Your Honor. It's not on the record. So to address your point, just like the revised plea, that even under federal law would still not be a conviction. Because number one, it is still withdrawable under Virginia law, so the law would apply. Number two, it's not an admission of guilt. But we do know under Virginia law that when an individual is under deferred disposition... It's not an admission of guilt? It looks like it. I mean, it refers to a plea of guilt? The order itself does refer to a plea of guilty. But before that, the court specifically says that he pled no contest. But I don't see the difference between no contest and a plea of guilty. Am I missing something? Well, a no contest plea in this case would be an Alfred plea, where there is no admitted guilt, just that the evidence is sufficient to convict. And indeed, that evidence is only sufficient to convict because Mr. Clayton agreed not to challenge the immiscibility. Well, why is it a no contest plea or a guilty plea? What difference does that make in terms of whether it's a conviction? Well, it goes to the underlying fact of whether or not there's actually guilt or innocence here. And there's no admitted guilt here under the revised plea. And under Dickerson, the court specifically said that there had to be a finding of guilty in that case because he was placed on probation. Mr. Geiser, I'm looking at A4061, which I presume, based on what you're telling me, is the revised plea agreement. Yes. And in it, it says those things I read, plus in the garage a shoebox full of marijuana buds along with a gallon Ziploc bag full of buzzed or seized. The defendant admitted to sharing some of the marijuana with a friend. And that says the legality of the search would have been an issue if the matter had gone to trial. And then it says, has the marijuana and cocaine. And then written in is the defendant denies he even used, I think it says used cocaine. I believe that's correct. Okay. So your position is that because you have the legality of the search would have been an issue that you're not admitting the facts here? Well, that's what the admission was, is that was the evidence would potentially show. Not that it was actually true. Mr. Clayton did not admit his guilt in that those acts took place. He admitted that that's what the evidence would show. Okay. But the most important aspect of that plea is that it's still withdrawable. And under lot, it can't be a conviction because it withdraws. I'm not sure that that aspect of lot applies here, given Dickerson, which seems to say it does distinguish lot in part on that ground. But I'm not sure that Dickerson says that the withdrawability of the plea prevents it from being a conviction and distinguishes cases in which the language of the statute is different and refers to a final conviction. I mean, is that what this case turns on if we say that federal law applies, whether the plea was withdrawable or not? The revised plea, Your Honor? Yeah. That would be one aspect that the court would have to decide. What other ground do you have for saying the November plea doesn't constitute a conviction under the statute? Well, if this court finds that it does constitute a conviction, then there would be nothing left for the court to decide. No, I understand. But you say it doesn't constitute a conviction because the plea was withdrawable. And what I'm trying to find out is, is there any other reason, in your view, if federal law applies, why this isn't a conviction? Well, under Dickerson, it's not just that it was withdrawable, but that there was no admission of guilt in the plea itself. And as we know, under Virginia law, where you have a plea that's entered with deferred disposition, the Supreme Court of Virginia has specifically stated and held in Mejia that the— Well, can I—that's what I was going to ask you about and I'm interested in. I mean, this is not a criminal statute. This isn't dealing with criminal consequences. This is a federal employment statute where Congress decided that LEO officers should be removed from their employment if they were convicted of a felony, regardless of whether that conviction could be expunged through probation or the like or anything like that. So why should we make any distinction based upon the varying regimes in various states about how you can plead guilty or not and whether your conviction gets expunged or gets taken off the books or gets termed some other thing rather than look at this as a federal employment statute and the purpose of it, which was if somebody did acts that constitute a felony and agrees that they did them, that that's sufficient under this personnel statute for a removal? Well, the personnel statute itself, 7371, specifically references state law. And it says that the conviction has to be entered. So we do believe that Congress understood that the entry of conviction had to be pursuant to state law and therefore the conviction had to exist under state law. And here Mr. Clayton is not convicted or acquitted. Isn't that better read as it just has to be, it can be a felony under either state law or federal law? I mean, they didn't want to limit this to people charged in federal courts. They also want, because most criminal proceedings are in state courts. But it doesn't mean that it had to be final for purposes of state law for this statute to apply. They just wanted to sweep in all state and federal felonies. Well, I agree that it could apply to either state or federal felonies. But the entry of the actual conviction itself has to be by state. Is there any good reason? Why does it have to be by state law? The entry of conviction? Yeah, I mean, yeah, it's true that the statute contemplates that you look to state law or federal law to see whether it's a felony. But I'm not sure that I understand why you would look to state law to figure out whether it's a conviction where you have Dickerson and other cases that say the federal law governs, including our earlier case under the veteran statute. Because it produces absurd results otherwise, Your Honor. What's absurd about it? In this case, Mr. Clayton could withdraw his plea that he's currently under, go to trial, get fully acquitted by jury, and yet under the board's interpretation of the statute, he would not get his job back and he'd be properly removable. Not to get absurd results the other way, though. If you have a system in place in one state where the only way you can get probation is to plead guilty and then you serve your probation and then the conviction gets expunged, the statute would apply. But if you have another state where you can plead no contest, go through probation, and then get the arrest and everything erased, it wouldn't. Even though you committed the same set of acts, you agreed that you did the same set of acts, and it's only the differences in the way the states have set up their sentencing and probation schemes that made a difference. Why would Congress ever want somebody fired in one state and not in the other state just based upon state criminal law and sentencing laws? Well, that is the way that it operates now. You could have the same act committed in one state versus the other, and it'd be a misdemeanor that's punishable by only six months in one state, but a felony punishable by more than one year in the other. That type of individualized treatment of those acts is already present there. But here it is absurd results because the Virginia Supreme Court has expressly said that an individual like Mr. Clayton, who has deferred disposition, is neither acquitted nor convicted, and he only stands indicted. And that's clear binding cases. Well, I don't see that that's the case with the November plea. I mean, it says the court accepted said agreement and defendant's plea of guilty, so the court accepted his plea of guilty. Well, in the paragraph before that, the court describes it as a plea of no contest. Even if you're talking about a binary world where it was a guilty plea and that you either have a plea of innocent or a plea of no contest and guilty, it still does not admit the underlying facts. Isn't the underlying purpose of the statute to keep prison guards who sell drugs or use drugs from operating in the federal prison system? I believe the purpose of the statute is broader than that, Your Honor, to keep anyone who's actually convicted of a crime to mandate their removal. But here he was not convicted. Under Virginia law, it's very clear that he's only indicted, and it's not the case as if there would be for expungment. The court, having heard the evidence, this is from May, the first one, accepted defendant's plea of guilty and found him guilty of possess marijuana with intent, the intent being to distribute. Yes, and if you don't agree that that's withdrawable and therefore not a conviction, I believe that Virginia law makes it very clear, and the government did not contest this point, that the court would be without power to enter a revised plea if that was indeed a conviction and a final adjudication of guilt. And in the revised plea, when it was entered in November, the court specifically said that it was deferring adjudication of guilt. There is no final adjudication of guilt here. Mr. Clayton, as he stands now, under binding Virginia Supreme Court precedent... So hang on, so hang on. So he comes in, in the November hearing. He admits that he possessed the marijuana and enters the plea. And because he can withdraw it, and because eventually if he fulfills the conditions, it'll be expunged, he can just continue working. I believe there's other remedial actions that the agency could take in order to ensure, if they did have a true concern about it, in order to ensure the efficient operation of the government. But in that revised plea, he does not admit guilt. He admits that the evidence itself is sufficient. It's an Alfred plea. How is this case different from Cannava that we decided earlier this week, where an employee entered some kind of conditional plea, was put on probation, and if he completes the probation, his sentence can be reduced to a misdemeanor, which would no longer qualify under this statute? I see that my time has expired. No, go ahead. We'll tell you when to sit down. Cannava, Your Honor, I don't believe is the same type of situation we have here. In Cannava, there was no dispute that the plea was a conviction. I mean, sorry, I anticipate that's your answer, but this is the problem I have, is that that's the system they have in Arizona for deferring prosecution and allowing somebody to complete probation, and then having a conviction of a felony no longer on their record. They don't have a system like Virginia. And so why should that employee be treated more harshly under this federal personnel statute that applies nationwide than an employee in Virginia, which may have a different and more lenient sentencing regime? Well, Your Honor, the obvious answer is that it's because they committed that crime in Arizona. But the crimes are the same. Let's just take that. The crimes are exactly the same, let's assume. It's the sentencing regimes that are different. And in order to get the probation instead of going through trial in Arizona, you have to plead guilty, but that later on, that can be changed to a misdemeanor conviction or maybe even expunged altogether. Whereas in Virginia, you don't have to make that same kind of plea, and ultimately you will get the same result, that you no longer have a felony conviction on your record. I believe that it's inherent in the statute itself. Do you think Congress intended to incorporate the various different sentencing regimes and treat federal employees different based upon that? To an extent. I believe that Congress specifically said that state felonies count. And because they said state felonies count, they incorporated all the regimes from the state. Indeed, one act in one state can be treated as a felony. In another state, it can be a misdemeanor. Yeah, but you're conflating two different things. One is whether the offense is a misdemeanor or a felony, which it appears as though state law ought to apply, and I'm not sure the government is contending otherwise. But the question is, what's a conviction? Under Dickerson and other cases, it's a matter of federal law. And so if federal law applies, you have to explain why this wasn't a conviction. And I'm not sure that the fact that it was a no-contest plea makes a difference, particularly when it's characterized as a plea of guilty here. And I'm not sure that the ability to withdraw the plea as a matter of Virginia law should create a different result under federal law. Well, you're under a lot that was the reasoning that the court had. The withdrawability of the plea made the plea itself, an entry of the plea. Yeah, but that was a question of appealability. The logic, though, holds because otherwise you do produce absurd results. You have an individual here who could withdraw the plea, go to trial, and be acquitted. And under the current interpretation of the statute, he would not get his job back, even though he's been declared innocent. That can't be what Congress intended. That is a patently absurd result that an individual who is— But doesn't that mean that we would have to consider that part of the statute that allows for people to be reinstated if their convictions are overturned on appeal, if that necessarily includes not just a direct appeal but some other kind of instance where they've been declared innocent because it's been overturned either through a trial or a request to the district court or the like? Yes. But that's not rendering the conviction not final now. It's waiting to see if other events transpire in the case that makes it not final. So it could be on appeal.  But I think it's a question we're going to have to face. It could be that the district court may look at that. You might get some kind of motion to say, oh, this was based on incorrect facts. We're going to vacate that. And we'll have to determine then what it constitutes to be overturned on appeal. But the fact that it may be overturned on appeal doesn't make it not final for purposes of conviction. Well, under Virginia law, the way that it would be overturned would be a dismissal. And here that is implicit in agreement. But second, it's not just that it's going to be overturned on appeal. There is no conviction here because he stands indicted under Virginia law. Tell me why, looking at this November plea, which says he shall be placed on supervised probation, why is it that under Virginia law the plea could be withdrawn? It's under Section 19.2-296, Your Honor, that it is liberally withdrawable until there is either a final sentencing or deferred sentencing itself. So placing him on probation is not a sentence? No, it's part of an agreement, part of the contract with the state. What Virginia case says that's not a sentence, that means that the plea can't be withdrawn? The Major case is directly on point, Your Honor. In the Major case that was cited in STARS in footnote 1 and in our response to the 28-J letter by the government, it expressly says that an individual who is on deferred probation, deferred disposition, and on probation is neither convicted nor acquitted. What if he violates the terms of this probation? Does he then go back and have a new trial? Under the terms of this agreement, he would be sentenced under the original court, and then he would be found guilty based on the admitted fact. But that would simply be a contract to go to jail? It would be a contract, but I believe that the STARS opinion, the Virginia Supreme Court is very clear that even if you have that guilty plea in that case, the court can still convict of a lesser crime, hear new evidence, or deferred disposition as it did here. But if he does violate it, then it would be a contract. But Virginia law is very clear here that Mr. Cleden is not convicted. He is indicted, and he stays indicted. He's not convicted because he wasn't sentenced? Under Virginia law, he's not convicted because there is no adjudication of his guilt. There's no final adjudication of his guilt. There was no judgment of his guilt. So if he violates probation and goes to jail, he's going to jail, but he's not guilty? Well, I believe that there would be two different crimes there. One would be the violation of probation and the agreement itself. The other would be the underlying act, and I believe that they would be cumulative. But here, it's not a conviction because there was no judgment of conviction. Probation violation is not necessarily a crime. If part of the probation requirement is that he takes a urine test every month, right? Failure of a citizen to take a urine test is not a crime, is it? It would depend on the terms of the probation and the terms that are imposed under Virginia law, Your Honor. I'm not exactly sure if it is, but I'm just conceding that it could be. But we keep mixing two things up here. I mean, if federal law applies, we look to federal law to see whether it's a conviction. We don't care whether Virginia would characterize it as a conviction. But you're arguing that the mere fact that under Virginia law you say he could withdraw the plea means that under federal law it's not a conviction. Am I understanding that correctly? I believe that's one of the foundations of the argument, yes. Okay. And the withdrawability of the plea itself, because it can be withdrawn, shows that it's not a final adjudication of guilt, which Dickerson said there was. And that's why they dropped the footnote 7 to lot and said this is not the case for the Iowa expungement statute. There's no indication that it's withdrawable, and there was an adjudication of guilt. Even though there was a deferred aspect of that judgment in Dickerson, there was a finding of guilt that was final for the case. A withdrawable plea is not. Okay. We're way over time here. We'll give you two minutes for rebuttal. Mr. Singley. May it please the Court. So why is it that the government doesn't argue that the November order qualifies as a conviction under the statute? The reason, Your Honor, is that this is a two-step statute. The November conviction, and it was a conviction, is irrelevant to the question of whether the agency made the right decision that it was required to make by this law. By the end of the pay period following judgment of this order. I don't understand. I don't understand that answer. Why are you not arguing, I mean, in the alternative that the November conviction qualifies, the November order qualifies? Your Honor, because if the agency didn't remove him within 30 days of getting that original order on May 6th, where he was found guilty, and that's something that's missing from Mr. Clayton's argument. He was found guilty. It wasn't just an entry of a plea on May 6th. But if the agency did anything other than remove him, it would have violated the law. So the only question after he was removed is whether there was a subsequent event that would justify. That really doesn't answer my question. Let's assume that we were to conclude hypothetically that the May order doesn't qualify as a conviction. Why don't you argue that the November order does? Well, I do argue, Your Honor. I mean, I'm going to argue here that it does qualify because a probation is a sentence. And you don't get probation, the Supreme Court said in Dickerson, you do not get a probationary sentence unless the court finds you guilty of a crime. And he received probation here, so that is. Does that affect the date of his removal if we were to rely on the November order rather than the May order? Your Honor, if you did rely on the November order, then it could potentially affect his date of removal. However, he was convicted on May 6th. I understand, but I'm asking you to assume for me for the moment that he wasn't convicted on May 6th. I'm asking you what difference it makes. Are you saying that he would be entitled to back pay, that the removal would be effective on a different date if we relied on the November order? No, Your Honor. I mean, well, there's only one place in the statute. What date was he removed? He was removed on May 31st, Your Honor. So if he wasn't convicted until November, he couldn't be removed until November, right? That's correct, Your Honor. So he'd be entitled to some back pay. The statute only allows back pay if your conviction is overturned on appeal. No, no, no, no, no. Right. You're not going with my hypothetical. I'm saying the May order is not a conviction. The November order is. He'd be entitled to back pay between May and November if we relied on the November order. All I'm saying, Your Honor, is I don't see. Yes or no? Possibly, Your Honor. Yes, possibly. Let me change the hypothetical. Rather than rolling in May, the court simply said, well, we'll bump this over to November, and then convicted him in November. I'm sorry. You couldn't have removed him until November, right? If the court said what? If the court had said, we're just going to kick this over until November. I'm busy right now. Well, it depends on what the court said when it kicked it to November. Because here. It said, I don't have time to do this. I'm going to hear it in November. So nothing is going to happen until November. You couldn't have fired him until November, right? I guess it depends on what the court said when it kicked it. Was it kicking of the sentence or the finding of guilt? No, no. It just said, I don't want to hear any of this. So in that situation, it didn't enter the plea or anything? It didn't do anything. Correct, Your Honor. Then there would not be, the agency could not remove until the judge finds him guilty. So, but you did remove him in that hypothetical. But you still removed him in May. Would you have to pay him back pay from November back to May? Your Honor, that's possible. Again, the reason I'm saying no is because the statute provides a narrow set of situations where you could be entitled to back pay. I'm not arguing with what the court said in May. I mean, you were in a situation in May where you got notice that there was a guilty plea to a crime. So you had to follow the statute. And the fact that at some point that guilty plea was replaced with another November plea, in your view, didn't change the fact that you had to, it didn't wipe it out. That's correct, Your Honor. I mean, if in November his conviction had been overturned on appeal, assuming something could ever happen that quickly, then you would have had to give him back pay. That's correct, Your Honor. You think the fact that there was a new, let's call it a guilty plea. I know your friend disagrees with it. But a new guilty plea in November doesn't erase the former May plea. It just replaces it. That's correct, Your Honor. And there's one point of clarification there. It was not just an entry of a plea in May. It was a finding of guilt. The court said, I find him guilty. That's correct, Your Honor. It was a finding of guilt. And the cases that they rely on under Virginia law are very different. In those cases, the judge withholds a finding of guilt. And here you have a finding of guilt. And the decision was never nullified. That decision, there's nothing in the record saying that that decision was overturned. The fact that he negotiated a plea down the road in November negotiated a lighter sentence. In fact, that's all that happened here. He negotiated a lighter sentence. And conviction is a procedural term. As you pointed out, Your Honor, defining the term for felony and defining conviction are two categorically different exercises. Well, let's assume, as you argue, that federal law applies. The problem with the May order is that it doesn't sentence him. Right? And if you read Dickerson as saying that there's no conviction until there's a sentence, then there wasn't a conviction in May, right? Your Honor, I don't read Dickerson to say that. No, no, I understand. But as a matter of Virginia law, he wasn't sentenced in May. That's correct, Your Honor. But under Virginia law, he could have withdrawn his plea until he was sentenced. I'm not convinced, Your Honor, that he was... No, no, no. Answer the question. I think the answer is no, Your Honor, that he could not withdraw that plea without the judge nullifying his finding of guilt and nullifying his acceptance of the plea. I thought it was pretty clear under Virginia law that you could withdraw a plea until there was a sentence. Your Honor, but you have to file a motion to withdraw a plea. Yes, sure. And the judge has to find that there was some kind of mistake or error in the plea, and that was never found here. Okay, I understand that. But the question is, what's a conviction? They're arguing that Dickerson says that there's no conviction under federal law until you arrive at a situation where the plea could not be withdrawn. And they're saying that until a sentence is imposed under Virginia law, you can withdraw the plea. That seems to me a bit of a problem with the May order. Your Honor, that's not a correct understanding of federal law, even. I mean, you have all of these cases that we cited, Woods, U.S. v. Rivera-Rodriguez, Cuevas, and the United States Sentencing Guidelines. All of them define conviction as a finding of guilt, not a finding of guilt plus sentence. Yeah, but I think you're missing the point. The point is not whether under federal law you have to have a sentence for a conviction. The point is they argue that under federal law you have to have a situation in which the plea can't be withdrawn in order for there to be a conviction, and that under Virginia law the plea can be withdrawn until sentence. Your Honor, that still doesn't change the outcome of this case because the federal definition of conviction should control. And the whole point of this statute is to avoid that specific problem that you're raising, that maybe in a particular state a finding of guilt could be overturned by some technicality down the road. And the whole point is to immediately remove somebody upon that finding of guilt. And there's only one basis to reinstate somebody, and that's if the finding of guilt is overturned on appeal. Does it make any difference to your argument that in the May hearing Mr. Clayton provided no response at all? No, Your Honor, because the significant triggering event is the judge's finding. So we don't know exactly what the content of his plea was, but we know what the judge did with it. The judge said there was sufficient evidence for a finding of guilt of a felony, and he found him guilty. So it's the judge's determination. But what I'm saying is Mr. Clayton didn't raise to the deciding official that he might be trying to change anything. He did not respond. Oh, I'm sorry, Your Honor. To which deciding official? You're talking about the agency? Let's see his name. Mr. Wilson, the warden. I'm sorry, I don't understand your question. Well, I'm reading from the red brief. Mr. Clayton did not provide a written or oral response to his proposed removal. That's correct, Your Honor. And I'm asking you if that makes any difference to your argument since he didn't raise the possibility of setting it aside in any fashion. Well, again, that goes to the perspective of the agency here. The agency is required by law to remove him as soon as they get notice, and he has three options to contest that removal. He can say he was not convicted, and he can argue that he wasn't a law enforcement officer or that he didn't commit a felony. And he didn't say he wasn't convicted. He didn't raise any of those arguments, and so the agency was absolutely correct, and it would have violated the law if they hadn't removed him. Then go forward to what he argued at the administrative hearing judge at the MSPB. He argued that he hadn't been convicted, and he presented one document, and that document said that he was scheduled for a sentencing hearing on another charge, completely unrelated. So at that point, the MSPB has no basis to believe that he wasn't convicted. And the same thing happened at the panel where he argued not that he had entered a plea of null and contendory, but that the court had found him not guilty. That's absolutely incorrect. The court not only did not find him not guilty, they sentenced him to probation for a crime. So absolutely, the agency made the right decision as of May 31st. And then the only question is whether or not there's a subsequent event that justifies reinstating him. And this statute is very clear that these events do not qualify. His conviction was not overturned on an appeal. How do you read footnote 7 in Dickerson as to whether the ability to withdraw the plea is a significant factor or not? Your Honor, that would be a significant factor, but even in November, after he gets a probationary sentence, he's not able to withdraw his plea. So maybe I'm not understanding. Well, they argue the contrary. They argue that under Virginia law, even though he was sentenced to probation, that he could still withdraw his plea. What's your authority that he couldn't? I don't see any of their cases saying that he can, under Virginia law, withdraw his plea after he's already been sentenced to probation. He can withdraw a plea after he enters it, but once the judge finds guilt— in fact, the Starrs case that they cite, a Supreme Court of Virginia case, says it would be a violation of separation of powers for a judge. Once the judge finds you guilty, to then not sentence you according to the legislative intent. The judge here found him guilty twice, and once that sentence has been entered, those Virginia court decisions that they're talking about say that there's not a right to judicially pardon somebody. The judge has to enter the sentence at that point. So yeah, he can withdraw a plea, and a jury verdict—and you've got to distinguish verdict and plea in those cases that they cite as well— can be set aside by the judge prior to deciding guilt. But once the judge decides guilt, there's no basis under Virginia law to withdraw that plea. And the Supreme Court has been very clear that, again, the court does not give probation unless you're guilty of a crime. And all that is beside the point, because absolutely the federal law should control here because, as you pointed out, the purpose of this statute, the broad remedial purpose is to eliminate people who are untrustworthy from positions of law enforcement authority. It's an employment statute. It's not a criminal statute. And so if— Can a person on probation carry a firearm? Your Honor, that's going to depend on—I believe it depends on the state. The state has to— They said it individually. I believe so, Your Honor, that if a state—because looking at these other statutes— I mean the state of Virginia. For the state of Virginia, under his original plea, the agency identified that he specifically could not carry a weapon. I know under the original one I saw it in the decision by the warden. But what I'm asking is, as a probationer under Virginia law, could he carry a firearm? And you don't know the answer. I don't know, Your Honor. Okay. Thank you, Mr. Singleton. Mr. Geyers, you have two minutes. Mr. Geyers, is the notice to Mr. Clayton in the record that he originally received saying you have so many days to appeal this and this is what you can raise? The notice that he was going to be removed? Yeah. I believe it was a letter dated May 9th. I know it. I know the date, but I couldn't find it in the record. I believe it is in the record. And while you're looking, the reason I'm asking that question is the same thing I asked the government. That is, he didn't raise anything. According to your red brief, he didn't provide an oral or written response to his proposed removal. He did not. And it's my understanding, I don't know if it's 100 percent accurate, but it's my understanding that he was operating under advice of counsel. Okay. So they have a notice saying he's been found guilty, and he's able to say, they say we have three grounds for removal and one of them is you've been convicted, and he doesn't come back and say, no, no, I haven't. There's no affirmative obligation for him to do that, though. He could appeal that to the board, and that's exactly what he did. There's no affirmative obligation to respond to the letters from the agency itself. But I do want to make one thing crystal clear is that the probation that Mr. Clayton is on is not a sentence. He doesn't have to raise it with the deciding official? The probation? Your client doesn't have to raise it with the deciding official at the first level in order to appeal that? The legal argument that it doesn't constitute a conviction, I don't believe that he would have to raise that. So what was the agency supposed to do in May then, though? They get this notice of a guilty plea, which makes them, I mean, that statute's not discretionary. It's mandatory. So they have to remove him. They do, but that does not create the legal argument. That doesn't affect the legal argument and the legality of it itself and the burden of proof on the agency to prove that he's convicted under the statute. But you're not challenging, I take it then, the correctness of the May action. You're saying that the November action altered the character of that May action. Well, I believe that the May action also is not a conviction. The guilty plea is not a conviction in there. But to go back to the point that was discussed with the opposing counsel, sentencing here has not occurred. Probation that's being imposed is the equivalent of being out on bail. And Virginia law is very clear. Under 19.2, that's 298. Could he carry a firearm? That I'm not sure of. Okay. Under 19.2.298, it's clear that there has to be a finding of guilt. And in the November order, the court specifically said there's sufficient evidence for finding a guilt but will be withheld for filing for a period of two years. There is no finding of guilt to justify a sentence under Virginia law. And because there's no finding of guilt, it is the classic case that the Supreme Court described in Mejia, the Supreme Court of Virginia, that he's out on deferred disposition. He remains indicted even if he's on probation. The individual in Mejia was on probation, supervised release, that he's only indicted. He is not convicted. He is not acquitted. But he's still indicted as the court and the prosecutor in this plea agreement acknowledged. So that probationary sentence is not a sentence at all. It's just a condition of the individual plea agreement to dismiss the charges. Because it was withdrawable, Mr. Clayton could go back, be acquitted right now by a jury. And yet under the government and the binding precedent of the board's opinion in this case, that would not relieve him of this disability and allow him to get his job back. And that's an absurd result that cannot be true. Okay. Thank you. We're out of time. Thank you. I thank both counsel and the case is submitted.